# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BELL,<br><br>           Plaintiff,<br><br>     v.<br><br>DR. JACK ST. CLAIR, et al.,<br><br>           Defendants.<br>_____/ | Case No. 1:13-cv-01594-SKO (PC)<br><br>ORDER DISMISSING AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 14)<br><br>THIRTY-DAY DEADLINE |

**First Screening Order**

**I.     Screening Requirement and Standard**

Plaintiff Anthony Bell, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 1, 2013. On February 14, 2014, Plaintiff filed an amended complaint as a matter of right. Fed. R. Civ. P. 15(a).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court

shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.    Discussion**

    **A.    Plaintiff's Allegations**

Plaintiff's claims arise from events which occurred at Sierra Conservation Center in Jamestown, California. Plaintiff brings this action against Chief Medical Officer Jack St. Clair, prison physician Georgia Thomatos, and private physician Tony Deeths for violating his rights under the Eighth Amendment of the United States Constitution.

Plaintiff alleges that on January 3, 2013, he was seen by Defendant Thomatos after he fell in his dorm and hurt his right wrist. Plaintiff informed Defendant Thomatos that he thought his wrist might be broken based on the pain and swelling, but Defendant said she doubted there was a fracture. Defendant Thomatos ordered an x-ray and after reviewing it, she said Plaintiff was okay.

Plaintiff requested a splint but Defendant Thomatos said he did not need one and he needed to exercise his hand to help it heal.  Defendant Thomatos prescribed Tylenol for Plaintiff's complaint of pain, told him to give his wrist time to heal, and scheduled him for a follow-up in seven to ten weeks.

On January 9, 2013, Plaintiff received his test results in writing.  Plaintiff was informed his results were essentially within normal limits and no follow-up was required.  (Doc. 14, Amend. Comp., pp. 10-11.)

On January 11, 2013, Plaintiff saw Doctor Forster and complained that his wrist was still swollen and he could not apply any pressure to it due to pain.  Plaintiff said he thought his wrist might be broken, but Doctor Forster said there was nothing he could do but reorder Tylenol.  Plaintiff requested a splint and another x-ray, but Doctor Forster denied those requests and told Plaintiff he was scheduled for a follow-up, at which time he should inform his doctor of his problems.

On February 19, 2013, Plaintiff submitted a health care services request form inquiring about his follow-up appointment and stating that his wrist remained swollen and painful.

Plaintiff was seen by Defendant Thomatos on February 21, 2013, and he told her his wrist was still swollen and excruciatingly painful.  Defendant said there was nothing she could do other than take another x-ray.  After the second x-ray was conducted, the x-ray technician said, "I missed that, how did I miss that?"  (*Id.*, p. 4.)  At that point, Defendant Thomatos told Plaintiff he needed a cast.

On February 22, 2013, Defendant Deeths interpreted Plaintiff's x-ray and reported the following findings: "There is now some focal resorptive change at the palmar side of the distal end of the radius.  This is only appreciated on the lateral view.  Positioning on this view is slightly rotated compared to the prior view and findings may have been present on the prior study but obscured.  The interval changes and appearance is consistent with an acute fracture at the time of the prior exam, although the fat planes were intact at that time."  (*Id.*, p. 15.)

///

///

When Plaintiff was finally seen by Doctor Ibrahim at Doctors Hospital of Manteca on May 6, 2013, he was informed that because the injury was almost six months old, there was no guarantee he would regain full range of motion if he had surgery. (*Id.*, p. 16.)

Plaintiff alleges that as a result of Defendants' deliberate indifference, his right hand is paralyzed and he has chronic arthritis.

### B. Eighth Amendment Medical Care Claim

#### 1. Legal Standard

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) ), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

#### 2. Defendant Deeths

Turning first to Defendant Deeths, his involvement was limited to interpreting Plaintiff's two x-rays, which were conducted at Truxtun Radiology Medical Group. (Amend. Comp., pp. 11, 15.) Assuming without deciding that Defendant Deeths, who is not a prison employee, was acting under color of state law by virtue of a contract with the state, *West v. Atkins*, 487 U.S. 42, 54-7, 108 S.Ct. 2250 (1988); *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922-26 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 1000 (2012), Plaintiff's allegations and exhibits provide no

4

support for Plaintiff's claim that Defendant Deeths acted with deliberate indifference toward Plaintiff's serious medical needs.  To the contrary, despite Plaintiff's conclusion that Defendant Deeths "deliberately misread" his x-ray, there is no support for even an inference that Defendant Deeths erred when he interpreted Plaintiff's first x-ray.  (Amend. Comp., p. 6.)  Even medical malpractice will not support a claim under section 1983, *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1977); *Snow*, 681 F.3d at 987-88; *Wilhelm*, 680 F.3d at 1122, and the Court finds that based on Plaintiff's allegations and exhibits, the deficiencies in his claim against Defendant Deeths are not capable of being cured through amendment.  Defendant Deeths is entitled to dismissal.

### 3. **Defendant Thomatos**

Plaintiff's amended complaint does not set forth any facts supporting a claim that Defendant Thomatos knowingly disregarded an excessive risk of harm to Plaintiff.  Neither Plaintiff's disagreement with the course of treatment initially prescribed for his wrist injury nor the fact that the second x-ray revealed a fracture not identified in the first x-ray supports a claim for violation of the Eighth Amendment.  *Snow*, 681 F.3d at 985; *Wilhelm*, 680 F.3d at 1122.  Indeed, there is no factual support for a claim of deliberate indifference on the part of Defendant Thomatos with respect to the events between January 3, 2013, and February 22, 2013, and with respect to the delay between February 22, 2013, and May 6, 2013, there are insufficient facts to support a claim against Defendant for violation of the Eighth Amendment.

### 4. **Defendant St. Clair**

Finally, supervisory personnel such as Defendant St. Clair may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability.  *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013); *accord Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Moss v. U.S. Secret Service*, 711 F.3d 941, 967-68 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc).  "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  *Crowley*, 734 F.3d at 977 (citing *Snow*, 681

F.3d at 989) (internal quotation marks omitted); *accord Lemire*, 726 F.3d at 1074-75; *Lacey*, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff's amended complaint contains no facts linking Defendant St. Clair to a violation of Plaintiff's rights and it appears he is named as a defendant solely based on his position as Chief Medical Officer. (Amend. Comp., p. 6.) Liability may not be imposed against Defendant St. Clair on that basis and Plaintiff fails to state a claim against him.

### III.     Conclusion and Order

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under section 1983. In an abundance of caution, the Court will provide Plaintiff with an opportunity to file a second amended complaint curing the deficiencies in his claims against Defendants Thomatos and St. Clair. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's federal rights, *Jones*, 297 F.3d at 934. Plaintiff must demonstrate a causal connection between each defendant's conduct and the violation of his rights; liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*. *Iqbal*, 556 U.S. at 676-77; *Crowley*, 734 F.3d at 977; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Further, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Lacey*, 693 F.3d at 907 n.1, and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

///

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's claim against Defendant Deeths is dismissed, with prejudice, for failure to state a claim under section 1983;

2. Plaintiff's claims against Defendants Thomatos and St. Clair are dismissed, with leave to amend;

3. The Clerk's Office shall send Plaintiff a civil rights complaint form;

4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and

5. If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **May 20, 2014**                               /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE