# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. JACK ST. CLAIR, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No.  1:13-cv-01594-SKO (PC)<br><br>ORDER DENYING SECOND MOTION FOR STAY AND REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 24) |

　　　　Plaintiff Anthony Bell, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 1, 2013.  On May 20, 2014, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim.  On July 3, 2014, Plaintiff filed a second motion seeking to stay this action until he is released from custody on February 22, 2015.[1]

　　　　Although Plaintiff's second motion provides his release date for the first time, the Court cannot stay the action for approximately seven months based on Plaintiff's desire to obtain counsel once he is released.  The reason underlying Plaintiff's request does not constitute good cause, and the Court's need to manage its dockets greatly outweighs what amounts to a request for a lengthy stay based on convenience.  Plaintiff must file an amended complaint.

---

[1] Plaintiff previously filed a notice of voluntary dismissal and a motion for a stay, but neither filing was signed and they were stricken from the record.  Fed. R. Civ. P. 11(a); Local Rule 130.  (Docs. 18-21).

In the alternative, Plaintiff may elect to dismiss the action voluntarily and pursue it at a later date, as he previously attempted to do.[2]

Accordingly, Plaintiff's motion for a stay is HEREBY DENIED, but Plaintiff is GRANTED thirty days from the date of service of this order within which to file an amended complaint in compliance with the screening order.

IT IS SO ORDERED.

Dated:   **July 25, 2014**                    **/s/ Sheila K. Oberto**
                                              UNITED STATES MAGISTRATE JUDGE

---

[2] If Plaintiff files a notice of voluntary dismissal, the dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1)(A), (B). However, the Court expresses no opinion regarding the effect of the statute of limitations on Plaintiff's claims, or on any other issue which may affect the viability of Plaintiff's claims.

2