# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANTHONY BELL,

    Plaintiff,

    v.

DR. JACK ST. CLAIR, et al.,

    Defendants.

Case No. 1:13-cv-01594-SKO (PC)

SECOND SCREENING ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983

(Doc. 26)

## Second Screening Order

### I. Procedural History

Plaintiff Anthony Bell, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 1, 2013. On February 14, 2014, Plaintiff filed an amended complaint as a matter of right, Fed. R. Civ. P. 15(a), and on May 20, 2014, the Court dismissed Plaintiff's amended complaint, with leave to amend, for failure to state a claim, 28 U.S.C. § 1915A. Plaintiff filed a second amended complaint on August 27, 2014.

### II. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.[1] 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that

---

[1] Plaintiff was incarcerated when he filed suit.

seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**III.    Discussion**

    **A.    Plaintiff's Allegations**

Plaintiff brings this action against Chief Medical Officer Jack St. Clair and prison physicians Georgia Thomatos and Forster for violating his rights under the Eighth Amendment of the United States Constitution in 2013 while he was incarcerated at Sierra Conservation Center in Jamestown, California.

Plaintiff alleges that on January 3, 2013, he was seen by Defendant Thomatos, at which time he informed her that he thought he possibly broke his wrist, which was swollen, tender,

excruciatingly painful, and immobile. Defendant Thomatos ordered an x-ray and after reviewing it, she said Plaintiff was fine. Plaintiff requested a splint to assist with pain, but Defendant Thomatos said he did not need one and he needed to exercise his hand to help it heal. Defendant Thomatos scheduled him for a follow-up in seven to ten weeks.[2]

On January 11, 2013, Plaintiff saw Defendant Forster and said he thought his wrist might be broken. Defendant Forster saw Plaintiff's wrist and said it was very swollen. Plaintiff complained that he was in excruciating pain, his wrist was throbbing and tender, and eight days had passed since he saw Defendant Thomatos. Plaintiff said the pain and swelling were worsening and he requested another x-ray and a splint, which Defendant Forster denied. Doctor Forster said there was nothing he could do and told Plaintiff to wait for his follow-up appointment.[3]

On February 19, 2013, Plaintiff submitted a health care services request form inquiring about his follow-up appointment and stating that his wrist remained swollen and painful.

Plaintiff was seen by Defendant Thomatos on February 21, 2013, and he told her his wrist was still swollen and excruciatingly painful. Defendant said there was nothing she could do other than take another x-ray. After the second x-ray was conducted, the x-technician said, "How did I miss that?" (2nd Amend. Comp., p. 6.) At that point, Defendant Thomatos told Plaintiff he needed a cast.[4]

On May 17, 2013, Plaintiff had surgery on his wrist. Plaintiff was informed by Doctor Ibrahim that because the injury was almost six months old, there was no guarantee he would regain full range of motion and that he may have stiffness and ongoing pain.

---

[2] In his first amended complaint, Plaintiff also alleged that Defendant Thomatos prescribed Tylenol for his complaint of pain and told him to give his wrist time to heal. On January 9, 2013, Plaintiff received his test results in writing. Plaintiff was informed his results were essentially within normal limits and no follow-up was required. (Doc. 14, 1st Amend. Comp., pp. 10-11.)

[3] In his first amended complaint, Plaintiff also alleged that Defendant Forster said he could reorder Tylenol.

[4] In his first amended complaint, Plaintiff alleged that on February 22, 2013, Dr. Deeths interpreted Plaintiff's x-ray and reported the following findings: "There is now some focal resorptive change at the palmar side of the distal end of the radius. This is only appreciated on the lateral view. Positioning on this view is slightly rotated compared to the prior view and findings may have been present on the prior study but obscured. The interval changes and appearance is consistent with an acute fracture at the time of the prior exam, although the fat planes were intact at that time." (1st Amend. Comp., p. 15.)

Plaintiff alleges that as a result of Defendants' deliberate indifference, he suffered further significant injury and now has a lifelong handicap.

### B. Eighth Amendment Medical Care Claim

#### 1. Legal Standard

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) ), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

#### 2. Defendants Thomatos and Forster

While Plaintiff's wrist injury constituted an objectively serious medical need, Plaintiff fails to allege any facts which support a claim that Defendants Thomatos and Forster knowingly disregarded an excessive risk of harm to Plaintiff's health. The Court notes that Plaintiff omitted certain facts from his second amended complaint that were present in his first amended complaint. It is not clear if the omissions were intentional or not, but Plaintiff may not plead around the deficiencies in his claims by omitting previously pled facts relevant to his treatment and diagnosis. *See Air Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)) ("A party cannot amend pleadings to 'directly contradict an earlier assertion made in the same proceeding.'").

4

Plaintiff received medical treatment for his wrist injury, including pain medication, and while the fracture to his wrist was missed initially, there is no factual support for a claim of subjective deliberate indifference. *Snow*, 681 F.3d at 985; *Wilhelm*, 680 F.3d at 1122. To the contrary, one of Plaintiff's medical records, which he included with his first amended complaint and omitted from his second amended complaint, indicates that a slight difference in the positioning of the wrist may have obscured the view of the first x-ray, as compared to the second x-ray. (Doc. 14, 1st Amend. Comp., pp. 11, 15.) As is clear from the record, Defendant Thomatos relied on the x-ray taken at Truxtun Radiology Medical Group on January 3, 2013, which resulted in the initial finding that there was no "acute fraction, dislocation or other abnormality." (*Id.*, p. 11.) Thus, while the Court is sympathetic to the injuries Plaintiff sustained, the record does not support his claim that Defendants Thomatos and Forster acted with deliberate indifference to his wrist injury, in violation of the Eighth Amendment.

### 3. **Defendant St. Clair**

Finally, supervisory personnel such as Defendant St. Clair may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability. *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013); *accord Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Moss v. U.S. Secret Service*, 711 F.3d 941, 967-68 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Snow*, 681 F.3d at 989) (internal quotation marks omitted); *accord Lemire*, 726 F.3d at 1074-75; *Lacey*, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

5

Plaintiff alleges that Defendant St. Clair signed off on Plaintiff's CT scans on May 17, 2013, thereby acknowledging the six-month surgery delay and failing to ensure Plaintiff received urgent or emergency care. This allegation fails to state a claim for violation of the Eighth Amendment, however. Plaintiff may not seek to impose liability on Defendant St. Clair based on his position as Chief Medical Officer, and Plaintiff's underlying claim for inadequate medical care is not viable, which fatally undercuts any attempt to proceed against Defendant St. Clair based on a supervisory liability theory.

**IV.     Conclusion and Order**

Plaintiff's second amended complaint fails to state a claim upon which relief may be granted under section 1983. Plaintiff was previously provided with an opportunity to amend and based on the nature of the deficiencies, further leave to amend is not warranted. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

Dated:     **April 8, 2015**                    /s/ Sheila K. Oberto
                                                                    UNITED STATES MAGISTRATE JUDGE